IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

      v.                                  03-CR-159-wmc-01

MARTIN J. APPLEBEE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Martin J. Applebee's supervised release was held on June 10, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U. S. Probation Officer Traci L. Jacobs.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 3, 2004, following his conviction for manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 115 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on December 17, 2010.

Defendant violated Special Condition No. 3 which prohibits him from the use of illegal drugs as evidenced by his March 31, April 5, and April 26, 2011, urine specimens which tested positive for methamphetamine. Defendant also violated Special Condition No. 3 which requires him to participate in substance abuse treatment and testing on May 2, 2011, when he failed to report for a drug treatment appointment, and again on May 4, 2011, when he failed to report for a drug test. Defendant violated Standard Condition No. 6 which requires him to notify the probation officer within seventy-two hours of any change in employment, when he failed to report that he was terminated from his work placement on May 2, 2011.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on May 3, 2004, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline term of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the Court has selected a sentence in the middle of the guideline range. The purpose of this sentence is to hold defendant accountable for his behavior and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 3, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months. An 18-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

- Refrain from incurring new credit charges, opening additional lines of credit, or opening other financial accounts without the prior approval of the supervising U.S. probation officer.

- Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. The defendant is to pay is own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

I also recommend the Bureau of Prisons place the defendant in a federal medical facility to enable him to undergo a full psychological evaluation at the earliest opportunity.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 10th day of June 2011.

BY THE COURT:

William M. Conley
U.S. District Judge

4